IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY KOEHLER and NINA KOEHLER, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| SMITH & WESSON SALES COMPANY, | : : | Civil Action No. 22-CV-01190 |
| Defendant. | : : : | |
| SHOREWOOD OPERATIONS, LLC and NAPERVILLE OPERATIONS, LLC, | : : : | |
| Respondents in Discovery. | : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Smith & Wesson Sales Company ("Smith & Wesson") hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of removal, the Smith & Wesson states further:

**I.   BACKGROUND**

1. On or about December 23, 2021, Plaintiffs Jeffrey Koehler and Nina Koehler (collectively, "Plaintiffs") commenced this action with the filing of a Complaint in the Circuit Court of Cook County, Illinois, docketed at No. 2021L012822. (*See generally*, Ex. A, Compl.)

2. In the Complaint, Plaintiffs allege that Jeffrey Koehler suffered unspecified injuries on September 13, 2021 while operating a M&P 12 shotgun as a customer at the Shoot Point Blank range in Naperville, Illinois. (*See id.* ¶¶ 12, 20.)

3. Plaintiffs have therefore filed suit against Smith & Wesson, bringing claims for strict liability, negligence, and loss of consortium. (*See generally*, *id.*) Additionally, Plaintiffs allege that Shorewood Operations, LLC ("Shorewood") and Naperville Operations, LLC ("Naperville") collectively operated, managed, and maintained the Shoot Point Blank range in Naperville, Illinois. (*See id.* ¶ 6.) As such, Plaintiffs have named both Shorewood and Naperville as Respondents in Discovery in this matter pursuant to 735 ILCS 5/2-402. (*See id.* at Count IV.)

## II.     JURISDICTIONAL BASIS FOR REMOVAL

### A.     Complete Diversity of Citizenship Exists Among the Parties

4. Based on the averments within the Complaint, Plaintiffs are citizens of Illinois. (*See id.* ¶¶ 1, 51.)

5. Despite Plaintiffs' averment to the contrary, *see id.* ¶ 2, Smith & Wesson is not a citizen of Illinois. Rather, Smith & Wesson is a Delaware corporation with its principal place of business at 2100 Roosevelt Avenue, Springfield, Massachusetts 01104.

6. The citizenship of Respondents in Discovery is irrelevant for purposes of determining whether there is diversity jurisdiction. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 n.3 (7th Cir. 1996); *Tokarz v. Texaco Pipeline, Inc.*, 856 F. Supp. 403, 403 n.1 (N.D. Ill. 1993).

7. Complete diversity of citizenship therefore exists among the parties, as no Defendant is a citizen of the State of Illinois.

### B.     The Matter in Controversy Exceeds $75,000

8. Though unspecific, the Complaint alleges that Plaintiff Jeffrey Koehler suffered "injuries of a personal and pecuniary nature" as a result of the incident. (Compl. ¶¶ 24, 27.)

9. Additionally, Plaintiff Nina Koehler alleges that she "has been deprived of the relationship, society, companionship, and consortium of her husband" as a result of his purported injuries. (*Id.* ¶ 52.)

10. Both Plaintiffs allege that their respective damages "far exceed[] the minimum jurisdictional limit of thirty thousand dollars ($30,000.00)." (*See id.* at *ad damnum* clauses.)

11. Furthermore, Plaintiffs attach an Affidavit of their counsel, Mark E. McNabola, which asserts that "[t]he total of money damages sought in this matter does exceed the minimal jurisdictional limits of $50,000." (*See* McNabola Affidavit accompanying Ex. A, Compl.)

12. A defendant's burden in alleging the existence of federal jurisdiction upon removal "is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

13. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 553–54.

14. Although the Complaint contains only vague allegations of the Plaintiffs' injuries, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

15. In making its determination of whether the amount in controversy is satisfied, the Court may employ its judicial experience and common sense. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062–63 (11th Cir. 2010).

16. In this instance, the question is whether—based upon Plaintiff Jeffrey Koehler's allegations of injuries resulting from the use of an allegedly defective M&P 12 shotgun and Plaintiff Nina Koehler's allegations of loss of consortium stemming from her husband's alleged injuries—it is more likely than not that a reasonable jury could value this lawsuit at over $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

17. Although Smith & Wesson denies that Plaintiffs are entitled to any damages whatsoever, it is obvious that the amount in controversy requirement is satisfied in this case based on the allegations of "injuries of a personal and pecuniary nature" to Jeffrey Koehler and loss of consortium injuries to Nina Koehler.

18. Thus, this removal is proper because this Court has original jurisdiction over this action, as there is complete diversity of citizenship among the parties and the matter in controversy exceeds $75,000, exclusive of interest and cost. 28 U.S.C. §§ 1332(a)(1), 1441(a).

**III.  PROCEDURAL ELEMENTS**

19. Smith & Wesson was served with the Complaint on February 15, 2022.

20. This removal is timely as the Notice has been filed within thirty (30) days of the service of the Complaint on Smith & Wesson.

21. This action is properly removed to the United States District Court for the Northern District of Illinois, Eastern Division, because Plaintiffs' Complaint was originally filed in the Circuit Court of Cook County, Illinois, which lies geographically within this judicial district and division. *See* 28 U.S.C. §§ 93(a)(1), 1441(a).

22. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

23. Smith & Wesson is the only named Defendant in this action, and therefore need not acquire the consent of any other defendant prior to removal.

24. Respondents in Discovery are not defendants, *see Murphy v. Aton*, 657 N.E.2d 1209, 1211 (Ill. App. 1995), and therefore need not consent to removal. *See Montclair-Bohl v. Janssen Pharm., Inc.*, No. 06 C 2166, 2006 WL 2700013, at *2 (N.D. Ill. Sept. 13, 2006); *see also Wisniewski v. City of Chicago*, No. 98 C 7682, 1998 WL 895746, at *1 (N.D. Ill. Dec. 15, 1998) (stating the respondents in discovery "play no part in any removal equation").

25. A copy of all process, pleadings, and orders served upon Smith & Wesson is attached hereto as Exhibit B.

26. Contemporaneously with the filing of this Notice of Removal, Smith & Wesson will give written notice thereof to all adverse parties and will file a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois.

27. No previous application has been made for the relief requested in this Notice of Removal.

28. All procedural elements for removal have been satisfied.

**IV.    RESERVATIONS AND REQUEST FOR ORAL ARGUMENT**

29. If any question arises as to the propriety of the removal of this action, Smith & Wesson respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

30. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Smith & Wesson's right to assert any defense or affirmative matter including, without limitation, the defense of (a) lack of personal jurisdiction; (b) improper or inconvenient venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party; or (h) any other procedural or substantive defense available under state or federal law.

**V.     JURY DEMAND**

31. Smith & Wesson demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Smith & Wesson Sales Company respectfully requests this Honorable Court to exercise jurisdiction over the claims asserted against Smith & Wesson and to take any other action necessary to effectuate the removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: March 7, 2022                              Respectfully submitted,

SWANSON, MARTIN & BELL, LLP

 */s/ Andrew A. Lothson*
Andrew A. Lothson
330 North Wabash, Suite 3300
Chicago, IL 60611
Telephone: (312) 923-8266
alothson@smbtrials.com

PIETRAGALLO GORDON ALFANO BOSICK
& RASPANTI, LLP

Clem C. Trischler (*pro hac* to be sought)
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Telephone: (412) 263-2000
cct@pietragallo.com

*Counsel for Defendant, Smith & Wesson Sales Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 7, 2022, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system which will send notification to all parties of record. A copy of the foregoing Notice of Removal was also sent via First Class U.S. Mail, postage prepaid, to the following:

Mark E. McNabola
Donald R. McGarrah
McNabola Law Group, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
312-629-2900
mark@mcnabolalaw.com
don@mcnabolalaw.com
*Counsel for Plaintiffs*

Shorewood Operations, LLC
10870 Kenwood Road
Cincinnati, OH 45242

Naperville Operations, LLC
10930 Deerfield Road
Cincinnati, OH 45242

*Respondents in Discovery*

                                            */s/ Andrew A. Lothson*
                                            Andrew A. Lothson

                                            Counsel for Defendant, Smith & Wesson Sales Company