**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JEFFREY KOEHLER and <br> NINA KOEHLER, <br>     Plaintiffs <br> v. <br> SMITH & WESSON SALES COMPANY, <br>     Defendant. | No. 1:22-cv-01190 <br> Honorable Matthew F. Kennelly |

**AMENDED COMPLAINT AT LAW**

Plaintiffs, JEFFREY KOEHLER and NINA KOEHLER, by their attorneys, the McNabola Law Group, and for their Amended Complaint at Law against Defendant, SMITH & WESSON SALES COMPANY (hereinafter "SMITH & WESSON"), state:

**PARTIES**

1. On and before September 13, 2021, Plaintiffs JEFFREY KOEHLER and NINA KOEHLER, were residents and citizens of Illinois, whereby they resided at 1540 Foxhill Road, Naperville, IL 60563.

2. On and before September 13, 2021, Defendant, SMITH & WESSON, was a Delaware corporation with its principal place of business located at 2100 Roosevelt Avenue, Springfield, MA 01104.

3. On and before September 13, 2021, Defendant, SMITH & WESSON, was a citizen of both Delaware and Massachusetts.

**JURISDICTION**

4. Jurisdiction of this matter is proper under 28 U.S.C 1332 (a) as Plaintiff, JEFFREY KOEHLER, sustained a permanent neurologic injury in the incident at issue, and

accordingly, the amount in controversy far exceeds $75,000.00; additionally, the Plaintiffs and Defendant are citizens of different states.

5. Venue is proper under 28 U.S.C. 1391(b)(2) as the incident which forms the basis of this lawsuit occurred at 560 Frontenac Ct., Naperville, IL 60563.

## FACTS COMMON TO ALL COUNTS

6. On and before September 13, 2021, and at all times material, Plaintiffs, JEFFREY KOEHLER and NINA KOEHLER, resided at 1540 Foxhill Road, Naperville, IL 60563.

7. On and before September 13, 2021, and at all times material, SMITH & WESSON was a Delaware corporation with its principal place of business located at 2100 Roosevelt Avenue, Springfield, MA 01104.

8. On and before September 13, 2021, and at all times material, SMITH & WESSON was in the business of designing, manufacturing, selling and distributing firearms to the consuming public, including the sale and distribution of firearms into Illinois.

9. On and before September 13, 2021, and at all times material, SHOREWOOD OPERATIONS, LLC, was an Illinois Limited Liability Company with its principal office located at 10870 Kenwood Road, Cincinnati, OH 45242.

10. On and before September 13, 2021, and at all times material, NAPERVILLE OPERATIONS, LLC, was an Illinois Limited Liability Company with its principal office located at 10930 Deerfield Road, Cincinnati, OH 45242.

11. On and before September 13, 2021, and at all time material, SHOREWOOD OPERATIONS, LLC, and NAPERVILLE OPERATIONS, LLC, operated, managed, and maintained a firearms range and store known as Shoot Point Blank located at 560 Frontenac Ct, Naperville, IL 60563.

12. On September 13, 2021, Plaintiff, JEFFREY KOEHLER, entered the Shoot Point Blank facility in Naperville, IL as a customer of that facility.

13. On September 13, 2021, Plaintiff, JEFFREY KOEHLER, while a customer at Shoot Point Blank in Naperville, purchased what is known as an Elite Membership.

14. On September 13, 2021, Plaintiff, JEFFREY KOEHLER, while a customer at Shoot Point Blank in Naperville, was shown a Smith & Wesson Model M&P 12 shotgun, serial number VHB 2595, that was available to be rented by customers to shoot at the range at the Naperville Shoot Point Blank facility.

15. On September 13, 2021, on information and belief, Plaintiff, JEFFREY KOEHLER, was shown the Smith & Wesson M&P shotgun by an authorized agent, apparent agent and/or employee of either SHOREWOOD OPERATIONS, LLC or NAPERVILLE OPERATIONS, LLC.

16. On September 13, 2021, Plaintiff, JEFFREY KOEHLER, while a customer at Shoot Point Blank in Naperville, after being shown the Smith & Wesson M&P 12 shotgun, did, in fact, rent the shotgun for the purpose of shooting the shotgun at the Naperville Shoot Point Blank range.

17. On September 13, 2021, on information and belief, the individual at the Shoot Point Blank range in Naperville who rented the Smith & Wesson M&P 12 shotgun to Plaintiff, JEFFREY KOEHER, was an authorized agent, apparent agent and/or employee of either SHOREWOOD OPERATIONS, LLC or NAPERVILLE OPERATIONS, LLC.

18. On and before September 13, 2021, Defendant, SMITH & WESSON, designed, manufactured, sold and distributed the Model M&P 12 shotgun to authorized firearms dealers throughout the United States, including Illinois.

19. On and before September 13, 2021, on information and belief, Defendant, SMITH & WESSON, designed, manufactured, sold and distributed the involved Model M&P 12 shotgun, serial number VHB 2595, to an authorized firearms dealer in Illinois.

20. On and before September 13, 2021, Defendant, SMITH & WESSON, designed, manufactured, sold and distributed the Model M&P 12 shotgun to authorized firearms dealers throughout the United States, including Illinois, for purposes of ultimately being sold to and utilized by individuals residing in the United States, including Illinois.

21. On and before September 13, 2021, the Model M&P 12 shotgun was designed, manufactured, sold and distributed by SMITH & WESSON for the purpose, in part, of being loaded, chambering a shell, and discharging the shotgun.

22. On and before September 13, 2021, the Model M&P 12 shotgun was designed, manufactured, sold and distributed to be used with ammunition specifically designated for use in the Model M&P 12 shotgun.

23. On and before September 13, 2021, the Model M&P 12 shotgun was designed, manufactured, sold and distributed to be used with ammunition specifically designated for use in the Model M&P 12 shotgun, which included, but was not limited to, Hornady 12 gauge 2 ¾ inch 300 gr SST shotgun slugs.

24. On and before September 13, 2021, the Model M&P 12 shotgun was designed, manufactured, sold and distributed by Smith & Wesson to be loaded by inserting shells forward into the shotgun's magazine tube until the shell's rim engages the load/unload assist button that will hold the shotshell in the magazine.

25. On and before September 13, 2021, the Model M&P 12 shotgun was designed, manufactured, sold and distributed so that if a user wanted and intended to discharge the

shotgun, the user is instructed to set the safety selector to "SAFE"; to point the shotgun in a safe direction; to load the shotgun magazines; to chamber a shell by pressing down on the action lock lever button to release the lock, allowing the vertical foregrip to be drawn fully rearward and then fully forward (closed) to chamber a shell; to rotate the safety selector lever to the FIRE position and to pull the trigger to fire the shotgun.

26    On and before September 13, 2021, the Model M&P 12 shotgun was designed, manufactured, sold and distributed so that when it was loaded, cocked and discharged, the barrel shroud was designed to remain intact during and after the discharge of the shotgun.

27.    On September 13, 2021, Plaintiff, JEFFREY KOEHLER, was provided guidance and advice as to what ammunition to shoot in the Smith & Wesson M&P 12 by the same individual who, on information and belief, was an authorized agent, apparent agent and/or employee of either SHOREWOOD OPERATIONS, LLC. or NAPERVILLE OPERATIONS, LLC.

28.    On September 13, 2021, Plaintiff, JEFFREY KOEHLER, was provided instruction regarding the proper way to load and shoot the Smith & Wesson M&P 12 by the same individual who, on information and belief, was an authorized agent, apparent agent and/or employee of either SHOREWOOD OPERATIONS, LLC. or NAPERVILLE OPERATIONS, LLC.

29.    On September 13, 2021, Plaintiff, JEFFREY KOEHLER, purchased Hornady 12 gauge 2 ¾ inch 300 gr SST shotgun slugs as recommended to him by the same individual who, on information and belief, was an authorized agent, apparent agent and/or employee of either SHOREWOOD OPERATIONS, LLC. or NAPERVILLE OPERATIONS, LLC.

30. On September 13, 2021, after renting the Smith & Wesson M&P 12 shotgun and purchasing the Hornady ammunition recommended to him, Plaintiff, JEFFREY KOEHLER, began to shoot the Smith & Wesson M&P 12 shotgun at the range at Shoot Point Blank in Naperville, IL.

31. On September 13, 2021, before discharging the Smith & Wesson M&P 12 shotgun, Plaintiff, JEFFREY KOEHLER, loaded the shotgun in the manner described in paragraphs 24-25 of this Amended Complaint.

32. On September 13, 2021, Plaintiff, JEFFREY KOEHLER, began to discharge and shoot the referenced Smith & Wesson M&P shotgun by utilizing the steps set forth in paragraphs 24-25 of this Amended Complaint.

33. On September 13, 2021, after discharging the shotgun on multiple occasions without incident, Plaintiff, JEFFREY KOEHLER, chambered a shotgun shell into the Smith & Wesson M&P 12 shotgun's chamber by drawing the vertical foregrip fully rearward and then fully forward; once the shell was chambered, Plaintiff, JEFFREY KOEHLER, pulled the trigger, whereby the shotgun did not function as it was intended and designed to function during discharge, i.e., the barrel shroud partially separated from the upper receiver assembly and struck the Plaintiff, JEFFREY KOEHLER.

34. On September 13, 2021, while the Plaintiff, JEFFREY KOEHLER, was a customer and located at the Naperville Shoot Point Blank facility, he was at all times exercising ordinary care for his own safety.

**COUNT I**
**STRICT LIABILITY IN TORT**
**SMITH & WESSON SALES COMPANY**

35. Plaintiffs reallege, restate and incorporate by reference paragraphs 1 –34 above as though fully set forth herein.

36. Prior to September 13, 2021, when the referenced and involved Smith & Wesson M&P 12 shotgun was designed, manufactured, sold and distributed by Smith & Wesson, the shotgun was unreasonably dangerous in design and manufacture whereby the barrel shroud could partially separate from the shotgun's upper receiver assembly when a user was using the shotgun in the manner in which it was intended to be used, i.e., loading the shotgun magazines; chambering a shotgun shell by cycling the foregrip, and pulling the trigger with the safety selector in the fire position.

37. Prior to September 13, 2021, when the referenced and involved Smith & Wesson M&P 12 shotgun was designed, manufactured, sold and distributed by Smith & Wesson, the condition that made the shotgun unreasonably dangerous in design and manufacture existed at the time the shotgun left Smith & Wesson's control, i.e., the condition whereby the barrel shroud could partially separate from the upper receiver assembly when a user was using the shotgun in the manner in which it was intended to be used, i.e., loading the shotgun magazines; chambering a shotgun shell by cycling the foregrip; and pulling the trigger with the safety selector in the fire position.

38. Prior to September 13, 2021, when the referenced and involved Smith & Wesson M&P 12 shotgun was designed, manufactured, sold and distributed by Smith & Wesson, the product was in a condition that made the shotgun unreasonably dangerous in design and manufacture at the time the shotgun left Smith & Wesson's control, in that Smith & Wesson

failed to provide warnings and instructions that the shotgun's barrel shroud could partially separate from the upper receiver assembly when a user was using the shotgun in the manner in which it was intended to be used, i.e., loading the shotgun magazines; chambering a shotgun shell by cycling the foregrip; and pulling the trigger with the safety selector in the fire position.

39. On September 13, 2021, while the Plaintiff, JEFFREY KOEHLER, was a customer and located at the Naperville Shoot Point Blank facility, he was at all times exercising ordinary care for his own safety.

40. On September 13, 2021, Plaintiff, JEFFREY KOEHLER, sustained injuries of a personal and pecuniary nature as a proximate result of the unreasonably dangerous and defective conditions in the Smith & Wesson Model M&P 12 shotgun at issue as described hereinbefore.

WHEREFORE, Plaintiff, JEFFREY KOEHLER, demands judgment against the Defendant, SMITH & WESSON, in a sum that far exceeds Seventy-Five Thousand Dollars ($75,000.00).

## COUNT II
## NEGLIGENCE
## SMITH & WESSON SALES COMPANY

41.. Plaintiff, JEFFERY KOEHLER, realleges, restates and incorporates by reference paragraphs 1 – 40 above as though fully set forth herein.

42. On and before September 13, 2021, and at all times material, Defendant, SMITH & WESSON, had a duty to exercise ordinary care in the design, manufacture, sale and distribution of its products, including the SMITH & WESSON M&P 12 shotgun.

43. On and before September 13, 2021, and at all times material, Defendant, SMITH & WESSON, breached its aforesaid duty and was negligent in one or more of the following respects:

a. Failed to design, manufacture, and distribute the SMITH & WESSON M&P 12 shotgun in a condition whereby it would function as designed when being used in the manner in which it was designed and intended to be used as described hereinbefore.

b. Failed to properly inspect all M&P 12 shotguns to determine whether each such shotgun would function as designed when being used in the manner in which it was designed and intended to be used as described hereinbefore.

c. Failed to properly test all M&P 12 shotguns before distributing same to the consuming public to make sure that each such shotgun would function as designed when being used in the manner in which it was designed and intended to be used as described hereinbefore.

d. Was otherwise negligent in the design, manufacture and distribution of the M&P 12 shotgun at issue.

44. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, SMITH & WESSON, Plaintiff, JEFFREY KOEHLER, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JEFFREY KOEHLER, demands judgment against the Defendant, SMITH & WESSON, in a sum that far exceeds Seventy-Five Thousand Dollars ($75,000.00).

**COUNT III**
**LOSS OF CONSORTIUM**

Plaintiff, NINA KOEHER, by her attorneys, the McNABOLA LAW GROUP, P.C., and for her Complaint at Law against Defendant, SMITH & WESSON, states:

1- 44. Plaintiff, NINA KOEHLER, realleges, restates and incorporates by reference paragraphs 1 – 44 above as though fully set forth herein as Paragraphs 1- 44 of Count IV.

45. At all times material, NINA KOEHLER, was and is the lawfully wedded wife of Plaintiff, JEFFREY KOEHLER.

46. As a proximate result of the unreasonably dangerous and defective condition of the SMITH & WESSON M&P 12 shotgun; and/or the aforementioned negligent acts and omissions of the Defendant, SMITH & WESSON, NINA KOEHLER has been deprived of the relationship, society, companionship, and consortium of her husband, JEFFREY KOEHLER.

WHEREFORE, Plaintiff, NINA KOEHLER, demands judgment against Defendant, SMITH & WESSON, and each of them, in a sum that far exceeds Seventy-Five Thousand Dollars ($75,000.00).

/s/ Mark E. McNabola
Attorney for Plaintiffs


Mark E. McNabola, #6189613
Donald R. McGarrah #3123480
McNabola Law Group, P.C.
55 W. Wacker Drive, 9th Fl
Chicago, IL 60601
312-629-2900
mark@mcnabolalaw.com
don@mcnabolalaw.com